IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KEVIN STONE,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>**ACTION PROPERTY SERVICES LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, ACTION PROPERTY SERVICES MANAGER, INC. AN ILLINOIS CORPORATION, DOUGLAS ARNOLD, INDIVIDUALLY AND COURTNEY ARNOLD, INDIVIDUALLY**<br><br>Defendants. | N<u>o.</u> 21-cv-<br><br>**Hon. Judge**<br>**U.S. District Court Judge, Presiding**<br><br>Hon. Judge<br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **KEVIN STONE,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **ACTION PROPERTY SERVICES LLC, ACTION PROPERTY SERVICES MANAGER, INC., DOUGLAS ARNOLD AND COURTNEY ARNOLD** (the "Defendants"), states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act 820 ILCS §115/1 *et seq.*

## II.     JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.    THE PARTIES

3.    Defendant, **ACTION PROPERTY SERVICES** (hereinafter referred to individually as "APS") is an Illinois limited liability company that owns and operates a rental property construction and remodeling business that performs construction, painting and other related construction services for corporate clients in Illinois. APS's primarily operating facility is located at 19N671 Big Timber Road in Hampshire, Illinois. APS's listed business address is 401 S. La Salle St., Suite 403 in Chicago, Illinois. Defendant APS is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant APS was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.    Defendant, , **ACTION PROPERTY SERVICES MANAGER, INC.** (hereinafter referred to individually as "APSM") (any reference to "APS" in this Complaint shall include APSM) is an Illinois corporation company that owns, operates and manages the APS entity including APS's rental property construction and remodeling business. APS's

primarily facility is located at 401 S. La Salle St., Suite 403 in Chicago, Illinois. Defendant APSM is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant APSM was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant **DOUGLAS ARNOLD** (hereinafter referred to individually as "Douglas Arnold") is an owner and the primary manager of APS. In his capacity as manager, Arnold was vested with the authority to implement and carry out the wage and hour practices of APS. Arnold acted as the manager of APS and was responsible for assigning projects, creating and distributing schedules, project supervision, and oversaw all aspects of APS's business operations and client interactions. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Arnold and Arnold in turn responded to those communications with the authority described herein. Thus, at all times relevant hereto Arnold was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Defendant **COURTNEY ARNOLD** (hereinafter referred to individually as "Courtney Arnold", together with Douglas Arnold, the "Arnolds") (any reference to "APS" in this Complaint shall include the Arnolds, such that APS encompasses and refers to all Defendants) is also an owner of APS. In her capacity as owner, Arnold was vested with the authority to implement and carry out the wage and hour practices of APS. Upon

3

information and belief, Courtney Arnold, in her capacity as owner, handled administrative, corporate and other office functions of APS, including payroll. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Arnold and Arnold in turn responded to those communications with the authority described herein. Thus, at all times relevant hereto Arnold was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

7. Plaintiff, **KEVIN STONE,** is a former construction employee of Defendants who performed a variety of construction and home remodeling services for APS's customers at their locations as assigned. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff, and members of the Plaintiff Class, only received their regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Plaintiff was also denied his final paycheck by Defendants and Defendants continue to illegally withhold Plaintiff's final compensation.

8. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay. Plaintiff, and members of the Plaintiff Class, only received their regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week in violation of the state and federal laws relied upon herein.

9. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their regular, straight time hourly rates for all hours worked and did not receive overtime premiums at a rate of one-and one-half their regular

hourly rates of pay for hours worked in excess of 40 in a workweek as described herein.

10. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV. STATUTORY VIOLATIONS**

### Collective Action Under the Fair Labor Standards Act

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

12. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

13. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover from Defendants final compensation owned to him for work performed prior to his separation from Defendants' employ.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

14. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

15. Plaintiff began working for Defendants as a construction worker and laborer in approximately March 2021. Plaintiff separated from Defendants in July 2021.

16. Plaintiff performed a variety of labor, construction and remodeling duties for APS on behalf of APS's commercial and corporate clients. Upon information and belief, Defendants were and are sub-contractors for American Homes 4 Rent, located in suburban Chicago, Illinois. Most, if not all, of APS's assignments were jobs performed for American Homes 4 Rent through business contracts between APS and American Homes 4 Rent.

17. Plaintiff performed mostly general construction, home building and remodeling duties. The specific tasks Plaintiff performed varied each day. Likewise, Plaintiff's job site varied frequently depending on the length of each project. Oftentimes, Plaintiff would be assigned projects at multiple job sites in the same week.

18. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Douglas Arnold. Douglas Arnold managed day-to-day activities for Plaintiff and all other hourly workers.

19. Douglas Arnold held a staff meeting at the beginning of each workday where Douglas Arnold would hand out daily assignments, instructions and discuss other important business and staff matters. Douglas Arnold was directly involved in all of APS's business operations, including the minute details of the specific duties being performed by Plaintiff and other members of the Plaintiff Class at each job site each day. Douglas Arnold directly supervised and managed Plaintiff and members of the Plaintiff Class on a daily basis.

20. Plaintiff was paid $15 per hour through the duration of his employment with Defendants.

21. During the course of his employment, Plaintiff recorded his work hours on paper timesheets. Each day, Plaintiff would fill in the address(es) he worked at each day as well as his start and end times. At the end of each work week, Plaintiff would turn in his timesheet to Courtney Arnold. Upon information and belief, Courtney Arnold used the timesheets to complete APS's payroll cycle as part of her administrative role in APS's business.

22. Plaintiff typically worked 45 to 60 hours each week. The start and end times of Plaintiff's shifts varied, as he did not work the same exact schedule each week because project assignment varied frequently. Plaintiff frequently worked longer shifts if a certain project or job assignment required it.

23. Plaintiff, however, never received overtime premiums of one and one-half time his regular rate of pay for these hours worked in excess of 40 in individual work weeks. Instead, Plaintiff received only his regular, straight time rate of pay for all hours worked.

24. Plaintiff's paystubs would reflect the overtime-eligible hours worked in excess of 40 in individual work weeks as recorded on his weekly timesheets, but all such hours were paid only at the straight time rate of pay. Plaintiff's paystubs reflected that all hours were paid at $15.00 per hour, while the overtime column on the paystub remained blank, even though Plaintiff worked hours in excess of 40 for which he was entitled to overtime pay.

25. Plaintiff inquired with Douglas Arnold regarding APS's failure to pay overtime wages on numerous occasions during his employment, including during daily staff meetings. However, Douglas Arnold never provided Plaintiff with a reason as to why he and other hourly employees were not paid overtime premiums.

26. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week.

27. . Upon information and belief, Plaintiff understood that all hourly employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

28. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

29. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

30. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant

policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

31. Additionally, when Plaintiff separated from Defendants' employ, Defendants failed to tender Plaintiff his final earned compensation for work performed in the work week immediately preceding his departure from APS.

32. Plaintiff repeatedly requested that APS tender him his final compensation for work performed for APS's benefit prior to Plaintiff's separation. However, APS and Douglas Arnold, either ignored Plaintiff's requests or stated that they would not provide Plaintiff his final paycheck.

33. Defendants' abject failure to tender Plaintiff his final compensation was and is a violation of the Illinois Wage Payment and Collection Act, 820 ILCS §115/5, which requires that employers "pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-33. Paragraphs 1 through 33 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 33 of this Count I.

34. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-

half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

35. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 35 of Count II.

36. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

37. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of Count III.

38. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or

did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

39. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

#### SUPPLEMENTAL STATE LAW CLAIM
#### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-39. Paragraphs 1 through 39 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of this Count IV.

40. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

41. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and

(b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

42. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-42. Paragraphs 1 through 42 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 42 of this Count VII.

43. Plaintiff was an "employee" under the IWPCA. 820 ILCS § 115/2.

44. Plaintiff was not exempt from the IWPCA's protections. 820 ILCS § 115/1, *et seq*.

45. Defendants were each an "employer" under the IWPCA. 820 ILCS § 115/2.

46. The IWPCA mandates that employers pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS § 115/5.

47. Following Plaintiff's separation from Defendants' employ, Defendants illegally withheld and continue to withhold Plaintiff's final earned wages and compensation for work performed for the benefit of the Defendants prior to his separation. Defendants failed to tender Plaintiff his earned compensation, by way of non-payment of final, earned wages, as required by the IWPCA. 820 ILCS § 115/5.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 10/05/2021*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450